### MANUEL VIDAL *v.* THE OCEAN INSURANCE COMPANY.

The assignee of a bankrupt, under the act of 19th August, 1841, who claims the interest of the latter in a suit, may file a third opposition, for the purpose of asserting the rights of the creditors whom he represents.  C. P. 396.

One making a third opposition is not required to make an oath in order to obtain an injunction.  C. P. 399.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Hoffman,* for the appellants.

*L. C. Duncan,* for the third opponent.

MARTIN, J.   Manuel Vidal having availed himself of the bankrupt law of Congress, Dunbar, his assignee, filed a petition stating, that Robert G. Hobbs having bought at a Sheriff's sale Vidal's interest in the suit against the Ocean Insurance Company, and being subrogated thereto, had caused a *fi. fa.* to be issued, under which certain funds belonging to the Ocean Insurance Company were seized; that Hobbs' purchase was made after Vidal's bankruptcy, and the appointment of the petitioner as his assignee;* that, consequently, the Sheriff's sale was void under

---

* The petition states, that the sale was made after Vidal *had presented his petition to be declared* a bankrupt, and not after the appointment of the assignee.  R.

`the law of Congress, and in violation of an injunction of the Court of the United States for the Eastern District of Louisiana; the interest claimed by Hobbs being vested in the petitioner, as assignee. Whereupon, he prayed leave to intervene, and file his third opposition, and that the Sheriff might be enjoined from farther proceedings, or the petitioner, as assignee, declared to be entitled to the proceeds of the sale. The injunction was issued accordingly. Hobbs then obtained against Dunbar and his sureties, a rule to show cause why the injunction should not be dissolved, and interest and damages awarded him; and he is appellant from the judgment discharging the rule. His counsel has urged, that the injunction was wrongfully sued out, as the petition is not sworn to, and the case not one in which a third opposition can take place. Code of Practice, art. 396. 3 La. 495. It is proper to begin by the second proposition, so as to follow the order in which they are treated in the Code of Practice. The third opposition lies, when "the third person making the opposition, pretends to be the owner of the thing which has been seized." Code of Practice, art. 396. The third opponent is not required to make an oath in order to obtain an injunction; for, the Code of Practice, art. 399, provides, that "the court may, at the request of the third opponent, enjoin the Sheriff not to proceed to the sale of the property thus claimed, provided such third person gives security to the plaintiff, for such an amount as the court shall determine, to be responsible for all damages which said plaintiff may sustain, should the opposition be wrongfully made." The court did not err in discharging the rule.

*Judgment affirmed.*